UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


JOHNNIE BURTON,                    )
                                   )
                  Petitioner,      )
                                   )
            v.                     )      No.  4:03CV340 CEJ
                                   )                    (FRB)
JENNIFER SACHSE,[1]                )
                                   )
                  Respondent.      )


**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

        This cause is before the Court on Missouri state prisoner

Johnnie Burton's pro se petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  All pretrial matters were referred to the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. §

636(b) for appropriate disposition.

        On November 5, 1997, a jury in the Circuit Court of St.

Louis County, Missouri, convicted petitioner of Robbery First

Degree, Assault First Degree and two counts of Armed Criminal

Action.  (Resp. Exh. 2 at 3, 39-42.)  On January 15, 1998,

petitioner was sentenced to concurrent terms of imprisonment

aggregating fifteen years.  (Resp. Exh. 1 at 422-23; Exh. 2 at 47-

48.)  The Missouri Court of Appeals affirmed petitioner's

conviction and sentence on December 22, 1998.  State v. Burton, 982

---

[1]Since the filing the instant petition for writ of habeas
corpus, petitioner has been transferred to the Northeast
Correctional Center (NECC) in Bowling Green, Missouri.  Inasmuch as
Jim Moore is Superintendent of NECC, he should be substituted as
proper party respondent.  Rule 2(a), Rules Governing Section 2254
Cases in the United States District Courts.

S.W.2d 820 (Mo. Ct. App. 1998) (per curiam). On May 4, 1999, petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 which was denied after an evidentiary hearing. (Resp. Exhs. 6, 7.) The Missouri Court of Appeals affirmed the denial of petitioner's motion for post-conviction relief on December 4, 2001. <u>Burton v. State</u>, 68 S.W.3d 490 (Mo. Ct. App. 2001) (per curiam). The Missouri Court of Appeals denied petitioner's Motion for Rehearing and/or Transfer to the Missouri Supreme Court on February 4, 2002; and on March 19, 2002, the Missouri Supreme Court denied petitioner's Application for Transfer. <u>Id.</u> On June 12, 2002, petitioner applied for writ of certiorari to the United States Supreme Court, which was denied on October 7, 2002. (Petn. at 4-4(a).) The instant petition for writ of habeas corpus, signed by petitioner on February 18, 2003, and received by this Court on March 14, 2003, was filed March 24, 2003, upon petitioner being granted leave to proceed in this cause <u>in forma pauperis</u>.

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. In his petition for writ of habeas corpus, petitioner raises five claims for relief:

> (1) That the trial court erred in overruling defense counsel's objection to the State's closing argument to the extent the prosecutor argued that petitioner presented inconsistent defenses, thereby shifting the burden of proof and diminishing the presumption of innocence;

(2) That there was insufficient evidence upon which to convict petitioner of Robbery First Degree and the related count of Armed Criminal Action;

(3) That trial counsel was ineffective in failing to object to the State's cross examination of a defense witness which elicited testimony violating petitioner's right to remain silent, and in failing to object to the prosecutor's closing argument relating thereto;

(4) That direct appeal counsel was ineffective in failing to raise for plain error review a claim that the State improperly used petitioner's invocation of his right to remain silent in obtaining a conviction; and

(5) That petitioner was denied due process of law by the State's improper cross examination of a defense witness regarding the petitioner's failure to invoke his alibi defense during post-arrest/pretrial conversations, thereby violating petitioner's right to remain silent.

In response, respondent argues that the claims raised in Grounds 1-4 are without merit and should be denied. As to the claim raised in Ground 5, respondent contends that petitioner is procedurally barred from pursuing the claim here inasmuch as petitioner failed to properly raise the claim in state court.

## I. Timeliness of Petition

Although not raised by respondent, the undersigned notes that the record shows petitioner not to have filed the instant petition for writ of habeas corpus in a timely manner pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the

filing of the petition.[2]

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Judgment becomes final, and thus the one-year statute of limitations is triggered, by either:

> (I) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).

Because petitioner did not file a petition for writ of certiorari upon the conclusion of his direct appeal in this cause, his state court judgment became final upon the expiration of his time to file such a petition. Id.; see also Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). Under United States Supreme Court

---

[2]The failure to timely file a habeas petition is an affirmative defense which must be raised by the State or it is considered waived. See Scott v. Collins, 286 F.3d 923 (6th Cir. 2002).

Rule 13, a petitioner has ninety days from the entry of the judgment sought to be reviewed within which to petition the Supreme Court for a writ of certiorari. In Nichols, the Eighth Circuit determined that a petitioner who failed to seek discretionary review by the state court of last resort, such as the petitioner here, has ninety days after his conviction was affirmed on direct appeal to seek certiorari. Nichols, 172 F.3d at 1072; see State v. Nichols, 915 S.W.2d 795 (Mo. Ct. App. 1996) (per curiam) (no filing of post-opinion applications for discretionary review). As such, upon consideration of Smith and Supreme Court Rule 13, the Eighth Circuit stated "with certainty" that such a petitioner's "judgment [becomes] final within the meaning of § 2244(d)(1)(A) *no earlier than* . . . exactly 90 days after his conviction was affirmed on direct appeal." Nichols, 172 F.3d at 1072 (emphasis added). In this cause, petitioner's conviction was affirmed on direct appeal on December 22, 1998. Inasmuch as petitioner did not file a petition for writ of certiorari, his state court judgment became final on March 22, 1999, ninety days after his conviction was affirmed on direct appeal. Nichols, 172 F.3d at 1072; Smith, 159 F.3d at 348. As such, the one-year period within which petitioner had to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 commenced March 22, 1999.

Under 28 U.S.C. § 2244(d)(2), however, the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or

other collateral review . . . is pending." <u>Williams v. Bruton</u>, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, <u>Beery v. Ault</u>, 312 F.3d 948, 950 (8th Cir. 2002); and the time during the appeal process, including such time during which petitioner could seek further appellate review, <u>Carey v. Saffold</u>, 536 U.S. 214, 219-21 (2002); <u>cf.</u> <u>Williams</u>, 299 F.3d at 983 (final resolution of application for post-conviction relief does not occur until it is too late to proceed in appeal process). The ninety days within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of post-conviction relief is not tolled, however. <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001).

Petitioner filed a motion for post-conviction relief on May 4, 1999, thereby triggering the tolling provision of § 2244(d)(2). All appellate review of the motion ended on March 19, 2002, when the Missouri Supreme Court denied petitioner's Application to Transfer, thereby ending the tolling of the one-year limitations period. <u>Williams</u>, 299 F.3d at 983; <u>Peterson v. Gammon</u>, 200 F.3d 1202, 1203 (8th Cir. 2000); <u>see also</u> <u>Jihad</u>, 267 F.3d at 805 (time to seek certiorari after post-conviction review is not tolled). In the circumstances of this cause, then, the limitations period was tolled from May 4, 1999, through March 19, 2002. The

instant petition was signed by petitioner on February 18, 2003,[3] 336 days after the conclusion of appellate review of his post-conviction motion.

Notably, the time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period.  Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001).  As such, the time between March 22, 1999 (the date petitioner's conviction became final), and May 4, 1999 (the date petitioner filed his post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition.  Therefore, this forty-three day period counts against the one-year limitations period.  Totaling this period with the 336-day period which elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 379 days had elapsed prior to the filing of the instant habeas corpus petition.  On the record before the Court, therefore, it appears that the instant petition was untimely filed under 28 U.S.C. § 2244(d).  In addition, review of the record fails to show any "extraordinary circumstances" which made it impossible for petitioner to timely file his petition.  Accordingly, it would appear that equitable tolling is not justified in this cause.  See

_____

[3]According petitioner the benefit of the prison mailbox rule, see generally Nichols v. Bowersox, 172 F.3d 1068 (8th Cir. 1999), the undersigned considers the instant petition to have been filed February 18, 2003, the date on which such petition was verified by petitioner.

Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam);

Paige v. United States, 171 F.3d 559, 561 (8th Cir. 1999)

(equitable tolling may be proper in habeas context where

extraordinary circumstances beyond petitioner's control shown).

        As noted above, however, respondent failed to address the

timeliness of the instant petition and instead chose to defend the

petition on the substance of the claims.  In light of this waiver

of the affirmative defense, and inasmuch as the face of the

petition itself is inconclusive as to the timeliness of the

petition,[4] the Court must continue to address the claims raised in

petitioner's petition for writ of habeas corpus.  See Nardi v.

Stewart, 354 F.3d 1134 (9th Cir. 2004); Scott v. Collins, 286 F.3d

923 (6th Cir. 2002); Kiser v. Johnson, 163 F.3d 326 (5th Cir.

1999).  But see Long v. Wilson, 393 F.3d 390 (3d Cir. 2004)

(magistrate judge may raise statute of limitations issue, sua

sponte, in early stages of habeas case, even after answer is filed;

State subsequently filed amended answer with affirmative defense

raised).

### II.  Exhaustion Analysis

        A petitioner must exhaust his state law remedies before

the federal court can grant relief on the merits of his claims in

a habeas petition.  28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel,

---

[4]Rule 4, Rules Governing Section 2254 Cases in the United
States District Courts, permits the district court to sua sponte
dismiss a habeas petition if, prior to ordering the State to
respond, "it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief[.]"

526 U.S. 838, 842 (1999). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. <u>Smittie v. Lockhart</u>, 843 F.2d 295, 296 (8th Cir. 1988); <u>see also</u> <u>Boerckel</u>, 526 U.S. at 848. If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. <u>Smittie</u>, 843 F.2d at 296. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the alleged unconstitutional error. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977); <u>Keithley v. Hopkins</u>, 43 F.3d 1216, 1217 (8th Cir. 1995); <u>Stokes v. Armontrout</u>, 893 F.2d 152, 155 (8th Cir. 1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. <u>Rhines v. Weber</u>, ___ U.S. ___, 125 S. Ct. 1528 (2005).

A review of the record shows petitioner's claims to be exhausted inasmuch as the claims were either properly raised in state court, or there currently exist no available non-futile avenues by which petitioner could now pursue his claims in state court.

### III.  Claims Addressed on the Merits

Petitioner raised the claims in Grounds 1 and 2 of the instant petition on direct appeal; and the claims made in Grounds 3 and 4 were raised in petitioner's motion for post-conviction relief and on appeal of the denial of the motion.  (Resp. Exhs. 3, 7, 8.)  Upon review of the merits of the claims, the Missouri Court of Appeals denied petitioner relief in each appeal.  (Resp. Exhs. 5, 10.)

Section 2254(d)(1) requires federal habeas courts to test the determinations of state courts "only against 'clearly established Federal law, as determined by the Supreme Court of the United States,'" and prohibits the issuance of a writ of habeas corpus "unless the state court's decision is 'contrary to, or involved an unreasonable application of,' that clearly established law."  <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time petitioner's state conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  <u>Id.</u> at 380-83.

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Court's conclusion on a question of law or different than the Court's conclusion on a set of materially indistinguishable facts. <u>Williams</u>, 529 U.S. at 412-13; <u>Carter v. Kemna</u>, 255 F.3d 589, 591 (8th Cir. 2001).  A state court's determination is an unreasonable application of Supreme Court precedent if it unreasonably refuses

to extend a legal principle to a new context where it should apply. Carter, 255 F.3d at 592 (citing Williams, 529 U.S. at 407). "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Id. (quoting Williams, 529 U.S. at 410-11).

A.   Ground 1 - Improper Argument

In his first ground for relief, petitioner contends that the trial court erred in overruling his objections to the State's closing argument to the extent the prosecutor argued that petitioner presented inconsistent defenses. Petitioner claims that such improper argument shifted the burden of proof so as to require petitioner to provide a defense, thereby diminishing the presumption of innocence. Petitioner raised this claim on direct appeal, upon which the Missouri Court of Appeals denied relief. (Resp. Exhs. 3, 5.)

In determining the merits of petitioner's claim, the court of appeals summarized the relevant facts adduced at trial as follows:

> On December 2, 1996, Sleiman Bathani was working at the Stop and Save at 2560 Lucas in St. Louis County. Bathani owned the store. While working that day, he had removed the fifty and one hundred dollar bills from the register and placed them in his pants pocket. He estimated that he had about $700 in his pocket at about 7:30 p.m. when four people wearing ski masks, including Defendant, entered the store. Defendant pointed a gun at Bathani and told him to raise his hands and turn away from the register. Bathani complied and Defendant jumped over the counter. At

this time, Defendant hit Bathani over the head
with his gun. Blood began to run down
Bathani's face and he knew he had to do
something. Bathani grabbed Defendant's gun
and began wrestling with him. While Bathani
was doing this, he heard someone else banging
on the cash register buttons. Bathani also
felt someone beating at him from behind. In
the course of the struggle, Bathani managed to
push his way out of the store with Defendant,
leaving the others behind. Bathani was able
to remove Defendant's mask and recognized
Defendant as a regular customer to the store.
When Bathani removed Defendant's mask,
Defendant seized the gun from Bathani and ran
from the scene.

Bathani went into his store and called
the police, who responded immediately to the
scene. Bathani gave the keys to his store to
the police, who stayed with the store.
Bathani was taken to the hospital and received
treatment for his injuries. When he arrived
at the hospital, Bathani removed his clothes
and noticed that the $700 in 50s and 100s was
missing from his pocket. He testified that he
had the money immediately before the robbery
and did not give it to anyone. Bathani later
identified Defendant in a photo lineup as his
assailant.

(Resp. Exh. 5, Memo. at 2-3.)[5]

Addressing petitioner's challenge to the State's argument regarding

inconsistent defenses, the court appeals summarized the underlying

circumstances as follows:

Defendant objects to the following
argument made by the State in rebuttal:

Ladies and gentlemen, it's an

---

[5]Inasmuch as petitioner does not rebut these factual findings
by clear and convincing evidence, they are presumed to be correct.
28 U.S.C. § 2254(e)(1).

> interesting defense you have been given.
> You have been given he wasn't there and
> he didn't do it.  But if you believe he
> was there, they can't say for sure it's
> him who hit Mr. Bathani in the head with
> a rifle.  They can't say for sure when
> the ski mask got pulled off.  They can't
> say for sure when the money got taken.
> They're giving you two different
> theories.
>
> At this point, defense counsel objected
> because the theories were not inconsistent and
> the court overruled the objection.  The State
> later argued that the theories were
> inconsistent without any objection from
> defense counsel.

(<u>Id.</u> at 3-4.)

The court of appeals concluded that no error occurred by the trial court's overruling of defense counsel's objections to the State's closing argument regarding petitioner's defense theories noting, first, that while the State may have mischaracterized the defense theories, it did not misstate the evidence.  The court of appeals further determined that the State's challenged comments did not implicate petitioner's constitutional rights as he claimed, finding that the State's argument did not improperly shift the burden of proof, and indeed, that the State continued in its closing argument by stressing its burden of proof and asking the jury to hold the State to its burden.  (<u>Id.</u> at 4.)  Finally, the court noted that the jury instructions "included a clear instruction on the State's burden."  (<u>Id.</u>)

At the time petitioner's conviction became final, the law was clearly established that a person charged with a crime is

presumed innocent until proven guilty beyond a reasonable doubt. See Herrera v. Collins, 506 U.S. 390, 398 (1993); In re Winship, 397 U.S. 358 (1970). The burden of proof lies with the government to establish beyond a reasonable doubt that the defendant committed every element of the offense charged. In re Winship, 397 U.S. at 362-64. An impermissible shift in the burden of proof violates due process. Patterson v. New York, 432 U.S. 197, 215 (1977). A review of the record shows the state appellate court to have recognized this clearly established law and to have reasonably determined that neither the State's actions, nor the trial court's ruling, violated such law.

A review of the closing arguments in their entirety, coupled with the instructions given by the court to the jury, shows that at no time did the burden of proof shift to the petitioner to establish his innocence. Indeed, the court clearly instructed the jury that

> [t]he defendant is presumed to be innocent, unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.
>
> . . .
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. The law does not require proof that overcomes every possible doubt. If, after your consideration of all the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you will find him guilty. If you are not so convinced, you must

give him the benefit of the doubt and find him
not guilty.

(Resp. Exh. 2 at 26.)

The verdict directors likewise instructed the jury that it could convict petitioner of the crimes charged only if it found beyond a reasonable doubt that petitioner committed each element of the offenses. (Id. at 27-31.) In addition, the court instructed the jury that as to petitioner's defense of alibi, "[t]he state has the burden of proving beyond a reasonable doubt that the defendant was present at the time and place the offense is alleged to have been committed." (Id. at 32.) The closing arguments of both defense counsel and the prosecutor stressed the importance of the State's burden of proof and at no time was it intimated that the State had a burden less than proving petitioner's guilt beyond a reasonable doubt or that the petitioner bore a burden to disprove his guilt. A review of the record shows that the burden of proving guilt beyond a reasonable doubt was shouldered by the State, and the jury was properly instructed and deliberated with this mandate firmly in mind. See Brouillette v. Wood, 636 F.2d 215, 218 (8th Cir. 1980); see also United States v. Cerone, 830 F.3d 938, 951 (8th Cir. 1987) (court's curative instruction stating that defendant was presumed innocent and not required to produce evidence, and that government carried burden of proof, served to correct any misunderstanding jury may have had).

To the extent petitioner argues, generally, that the

State's alleged improper argument violated his right to due process, it cannot be said, in light of the above, that "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  The test applied to determine whether error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the error not occurred.  Lisenba v. California, 314 U.S. 219, 236 (1941); Hamilton v. Nix, 809 F.2d 463, 470 (8th Cir. 1987).

As noted above, the Missouri Court of Appeals determined that the State's argument did not misstate the evidence.  Argument which is based on evidence adduced at trial is not impermissible. Ramsey v. Bowersox, 149 F.3d 749, 756 (8th Cir. 1998).  Further, assuming arguendo that the prosecutor's challenged remark was improper, this brief and isolated reference to petitioner's defenses did not rise to such a level so as to render petitioner's trial fundamentally unfair.  See Griffin v. Delo, 33 F.3d 895, 906 (8th Cir. 1994); United States v. Skarda, 845 F.2d 1508, 1511 (8th Cir. 1988) (in totality of circumstances, improper remark amounted to "only an insignificant blemish").  Finally, the court instructed the jury that closing arguments were not evidence.  (Resp. Exh. 2 at 35.)  Under the totality of the circumstances, it cannot be said that in view of the court's proper instructions and the strength of

the State's case against petitioner, the verdict would have been different if the prosecutor had not made this brief remark. <u>Kellogg v. Skon</u>, 176 F.3d 447, 451-52 (8th Cir. 1999); <u>see also</u> <u>Sublett v. Dormire</u>, 217 F.3d 598, 601 (8th Cir. 2000) (jury has common sense ability to put aside overzealous advocacy with help of court's instruction that arguments are not evidence).

The Missouri Court of Appeals determined that the prosecutor's closing argument did not misstate the evidence or violate petitioner's right to be found guilty only upon the jury's finding that the State met its burden of proof. Nor has petitioner shown that the prosecutor's remarks rendered his trial fundamentally unfair. For the reasons set out above, the state court's determination to deny relief on petitioner's claim that the trial court erred in overruling his objections to the State's closing argument was not contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Petitioner's due process claim as raised in Ground 1 of the instant petition should therefore be denied. 28 U.S.C. § 2254(d).

2. <u>Ground 2 - Sufficiency of the Evidence</u>

In his second ground for relief, petitioner claims that there was insufficient evidence upon which to convict him of Robbery First Degree and the related count of Armed Criminal Action. Petitioner raised this claim on direct appeal and, upon review of the merits of the claim, the Missouri Court of Appeals denied

petitioner relief.  (Resp. Exh. 5.)

At the time petitioner's conviction became final, the law was clearly established that for due process purposes, the relevant inquiry in reviewing the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319 (1979).  See also In re Winship, 397 U.S. at 361-64; Sullivan v. Louisiana, 508 U.S. 275, 277-78 (1993) (citing Duncan v. Louisiana, 391 U.S. 145, 149 (1968); Sparf v. United States, 156 U.S. 51, 105-06 (1895)); Jenner v. Class, 79 F.3d 736, 742 (8th Cir. 1996).  It is well established that state law defines the elements of state-law crimes.  Fenske v. Thalacker, 60 F.3d 478, 480 (8th Cir. 1995); Turner v. Armontrout, 845 F.2d 165, 168 (8th Cir. 1988).  As such, a state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court.  Jackson, 443 U.S. at 323.

Under Mo. Rev. Stat. § 569.020.1 (1977),

> A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime, (1) Causes serious physical injury to any person; or (2) Is armed with a deadly weapon; or (3) Uses or threatens the immediate use of a dangerous instrument against any person; or (4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.

Petitioner contends that the evidence was insufficient to show that

the property of the victim, and specifically the $700.00 from his pants pocket, was stolen by petitioner or any of the other participants in the crime inasmuch as the evidence shows only that the victim noticed the money missing while at the hospital.

In reviewing this claim, the Missouri Court of Appeals articulated the standard for addressing the sufficiency of the evidence (Resp. Exh. 5, Memo. at 4) and determined that, while there was no *direct* evidence that petitioner or any of his companions stole the money, there nevertheless was ample evidence from which the jury could infer such conduct:

> The evidence showed that at the time Defendant entered the store and struck Bathani with his gun, Bathani had $700 in his pants pocket. While Bathani struggled with Defendant, one of his accomplices attempted to get money from the cash register. Other accomplices were behind Defendant, striking [Bathani]. Following the struggle and beating, Bathani no longer had the $700 in his pocket. He testified that he did not give it to the police or to the ambulance attendants. Behind the counter where the struggle occurred, there was only change laying on the floor. He testified that he had to remove his clothes at the hospital and at that time, he noticed the money was missing. There was no evidence that he left his clothes unattended at the hospital, but rather that he discovered the money was missing when he undressed at the hospital. Under the circumstances, there was sufficient evidence from which a reasonably [sic] jury could find Defendant guilty beyond a reasonable doubt.

(Id. at 5.)

This Court "must presume that the trier of fact resolved

all conflicting inferences in the record in favor of the state, and [it] must defer to that resolution." Miller v. Leapley, 34 F.3d 582, 585 (8th Cir. 1994) (citing Jackson, 443 U.S. at 326). In addition, a state appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson, 443 U.S. at 323; Haymon v. Higgins, 846 F.2d 1145, 1146 (8th Cir. 1988). "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'" Cassell v. Lockhart, 886 F.2d 178, 179 (8th Cir. 1989) (quoting Moeller v. Attorney General of S. D., 838 F.2d 309, 310 (8th Cir. 1988)).

As shown by the facts as found by the Missouri Court of Appeals, there was sufficient circumstantial evidence to support the jury's finding that the victim's property was stolen by petitioner or one of his companions during the course of the crime at the victim's store. Cf. Sera v. Norris, 400 F.3d 538, 547-48 (8th Cir. 2005) (case based only on circumstantial evidence may provide sufficient evidence to support conviction); Hill v. Lockhart, 96 F.3d 1085, 1088 (8th Cir. 1996) (each element of crime may be proven by circumstantial evidence). The victim unequivocally testified that he had the money in his pocket prior to the perpetrators entering the store and that, upon being taken to the hospital subsequent to the beating by and struggle with the perpetrators, he

no longer had the money. (Resp. Exh. 1 at 177-79.) The victim unequivocally testified that he did not give the money to anyone, including the ambulance attendants or police. (Id. at 178-79.) From this evidence, viewed in a light most favorable to the prosecution, it is reasonable to infer that the money which was in the victim's pocket before the robbery and missing subsequent to the robbery, which was given to no one by the victim, was taken by the perpetrators during the course of the beating and the victim's struggle.

Accordingly, the court of appeals' determination that there was sufficient evidence to convict petitioner of Robbery First Degree and the related count of Armed Criminal Action, as defined by Missouri law, is supported by the record and entitled to deference. This Court is unaware of any "clearly established Federal law, as determined by the Supreme Court of the United States" of which the court's decision runs afoul, nor has petitioner demonstrated such. Therefore, it cannot be said that the state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied. 28 U.S.C. § 2254(d).

C.    <u>Grounds 3 and 4 - Assistance of Counsel</u>

       In his third ground for relief, petitioner argues that he
received ineffective assistance of trial counsel in that counsel
failed to object to the State's improper cross examination of
defense witness Hancock and failed to object to that portion of the
State's closing argument which addressed that testimony improperly
elicited from witness Hancock.   In his fourth ground, petitioner
argues that counsel on direct appeal was ineffective in his failure
to raise a claim regarding the State's improper elicitation of and
argument concerning such testimony.   A review of the record shows
petitioner to have raised these claims in his post-conviction motion
and on appeal of the denial of the motion.   (Resp. Exhs. 7, 8.)
Upon review of the merits of the claims, the Missouri Court of
Appeals denied petitioner relief.   (Resp. Exh. 10.)

       Petitioner specifically challenges testimony elicited by
the prosecutor from petitioner's alibi witness, JaDon Hancock, that
despite visiting petitioner in jail after petitioner's arrest on the
instant charges, he was never requested by petitioner to inform the
police that petitioner was with him at the time of the offenses
alleged.  Petitioner contends that the elicitation of such testimony
violated his right to remain silent and that trial counsel was
ineffective in failing to object on this basis.  Petitioner further
argues that trial counsel was ineffective in her failure to object
to that portion of the State's closing argument which addressed this
improperly elicited testimony.   Finally, petitioner argues that

direct appeal counsel should have, but failed to, challenge on appeal the State's improper conduct in eliciting and arguing such testimony. Addressing these claims of ineffective assistance of counsel, the Missouri Court of Appeals determined that the prosecutor's questioning of witness Hancock did not deal with petitioner's post-arrest silence, and thus that the questioning and related remarks in closing argument were proper. (Resp. Exh. 10, Memo. at 7-8.) The court of appeals therefore concluded that counsel was not ineffective in failing to object to such questioning and/or argument inasmuch as "[t]rial counsel will not be found ineffective for failing to make meritless objections." (Id. at 8.) Likewise, the court of appeals determined that appellate counsel was not ineffective inasmuch as such a claim on appeal would not have resulted in a reversal. (Id.)

At the time petitioner's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel, including effective assistance on direct appeal. Strickland v. Washington, 466 U.S. 668, 686 (1984); Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687; Reese v. Delo, 94 F.3d 1177, 1185 (8th Cir. 1996) (court must apply Strickland standard to claims of ineffective assistance of appellate counsel).

In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." <u>Strickland</u>, 466 U.S. at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. To establish prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>

Petitioner's underlying claim alleges that the State improperly elicited and argued testimony from witness Hancock that petitioner did not tell Hancock to go to the police with statements of alibi. Petitioner claims that because such questioning and argument addressed petitioner's *silence* to Hancock about his alibi, such conduct by the State with respect to this testimony was an unconstitutional use of his silence against him. As determined by the Missouri Court of Appeals, however, such testimony did not violate petitioner's invocation of his right to remain silent.

A criminal defendant has a constitutional right to remain silent, and reference to the post-arrest silence of an accused is impermissible because it is fundamentally unfair for the government to induce silence through <u>Miranda</u>[6] warnings and then later use this silence against him. <u>Doyle v. Ohio</u>, 426 U.S. 610, 617-18 (1976).

---

[6]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Doyle is implicated, however, only in cases in which it may be concluded that the accused's silence may have been induced by the issuance of Miranda warnings.  That is, the situation at issue must be one in which the Court could conclude that the accused refused to provide information in reliance on his Miranda warnings.  See Fletcher v. Weir, 455 U.S. 603, 606-07 (1982).  As determined by the Missouri Court of Appeals, this is not such a case.

> We conclude that the prosecutor's questions and comments did not deal with Movant's post-arrest silence, and thus they were proper.  Assuming that the conversation between Movant and Hancock, to which the cross-examination and closing argument refer, occurred after Movant was advised of his Miranda rights, Movant's silence occurred not in response to questions by police officers or other State actors, but as part of a conversation with a private individual.  The record does not indicate that Hancock acted as an agent of the State.  The prosecutor's questions to Hancock did not inquire about a conversation that Movant had with an agent of the State during an interrogation or the functional equivalent thereof.  Under these circumstances, we find that the prosecutor's cross-examination of Hancock and the prosecutor's closing argument did not violate Movant's right to silence.

(Resp. Exh. 10, Memo. at 7-8.)  (Citations omitted.)

The protection of an accused's invocation of his right to silence attaches to that silence which occurs "in the wake of [Miranda] warnings" where the defendant is operating under the government's assurances thereby that such silence will not be used against him.  Doyle, 426 U.S. at 617-19.  In the circumstances here,

- 25 -

it cannot be said that at the time petitioner was "silent" to his friend regarding his alibi defense, his silence was induced by governmental action. <u>Fletcher</u>, 455 U.S. at 606; <u>cf.</u> <u>Jenkins v. Anderson</u>, 447 U.S. 231, 240 (1980) (no governmental action induced petitioner to remain silent).

Petitioner's failure to request Hancock to report his alibi whereabouts occurred at times far removed from petitioner's arrest in this case and in circumstances not created by governmental action. The crimes occurred on December 2, 1996. Petitioner was arrested on December 6, 1996, and Hancock first visited petitioner in jail on January 8, 1997. Hancock visited petitioner thereafter on at least three additional occasions and also conversed with petitioner by telephone. Each of Hancock's visits with petitioner lasted for approximately one hour. At no time did petitioner request that Hancock report to the police of his alibi whereabouts. Hancock was not directed by any governmental authority to visit or converse with petitioner and at no time acted as an agent of the government in his conversations with petitioner. Under such circumstances, it cannot be said that petitioner's "silence" to Hancock as to his alibi defense was either a present or continued invocation of his right to remain silent under <u>Miranda</u>. Instead, this "silence" occurred during lengthy conversations voluntarily entered into between petitioner and Hancock weeks and months after petitioner's arrest, at which time petitioner was under no official compulsion to speak. <u>Cf.</u> <u>United States v. Frazier</u>, 408 F.3d 1102,

1109-11 (8th Cir. 2005) (precise issue is whether defendant was under any compulsion to speak at time of his silence). Because petitioner's "silence" to Hancock was not induced by government action, the prosecutor's elicitation of testimony and subsequent argument relating thereto did not violate petitioner's right to due process.

Inasmuch as petitioner's underlying due process claim had no merit, the court of appeals determined counsel's failure to raise objections and/or claims relating thereto did not constitute ineffective assistance of counsel. (Resp. Exh. 10, Memo. at 8.) Counsel's performance in failing to raise non-meritorious objections cannot be found to be deficient under <u>Strickland</u> nor can result in any prejudice. <u>Smith v. Armontrout</u>, 888 F.2d 530, 545 (8th Cir. 1989); <u>see also</u> <u>Burton v. Dormire</u>, 295 F.3d 839, 846 (8th Cir. 2002) (cannot fault counsel for failing to raise issue if no relief could possibly have been obtained); <u>Blankenship v. United States</u>, 159 F.3d 336, 338 (8th Cir. 1998) (no prejudice from counsel's failure to pursue non-meritorious issue); <u>Grubbs v. Delo</u>, 948 F.2d 1459, 1464 (8th Cir. 1991); <u>Meyer v. Sargent</u>, 854 F.2d 1110, 1115-16 (8th Cir. 1988). Accordingly, the court of appeals' determination that counsel was not ineffective for failing to raise non-meritorious objections to the State's cross examination of alibi witness Hancock or references thereto during closing argument, or in failing to raise on appeal a claim that the State violated petitioner's due process rights by such conduct, was not "contrary to, or involved

- 27 -

an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, the instant claims of ineffective assistance of trial counsel and direct appeal counsel are without merit and should be denied. 28 U.S.C. § 2254(d).

D.    Ground 5 - Due Process/Post-Arrest Silence

        In his fifth claim for relief, petitioner contends that the State violated his right to due process through its improper cross examination of defense witness Hancock regarding petitioner's failure to invoke his alibi defense during post-arrest/pretrial conversations, thereby violating petitioner's right to remain silent. Other than providing the basis upon which to argue ineffective assistance of counsel, petitioner failed to raise this independent due process claim in any state court proceeding. Although such failure to raise this constitutional claim may result in a procedural default, the undersigned determines this Court not to be barred from addressing the claim inasmuch as the state court determined its merits despite its probable default.[7] See Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997). But see Abdullah v. Groose, 75 F.3d 408, 412 (8th Cir. 1996) (habeas petition raising Sixth Amendment claim based on same facts presented in state court

_____

[7](See discussion supra at Section III.C.)

to support Fourteenth Amendment claim raised in that forum did not satisfy "fairly presented" requirement inasmuch as different legal theories were pursued); <u>Sweet</u>, 125 F.3d at 1153 n.12 (presenting same facts on different theories does not satisfy the requirement of presenting the same claim to the state court).

As set out above, the Missouri Court of Appeals determined the prosecutor's cross examination of Hancock and closing argument relating thereto not to have improperly addressed petitioner's invocation of his right to remain silent. Inasmuch as petitioner's "silence" as to his alibi defense during his conversations with Hancock was not within the ambit of post-arrest silence protected by due process (<u>see</u> discussion <u>supra</u> at Section III.C), the court of appeals' determination that the State did not act improperly in this regard was not "contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). <u>See Doyle</u>, 426 U.S. at 617-19; <u>Fletcher</u>, 455 U.S. at 606-07; <u>Jenkins</u>, 447 U.S. at 240. Nor has petitioner shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Accordingly, the claim raised in Ground 5 of the instant petition is without merit and should be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Jim Moore, Superintendent

of Northeast Correctional Center, be substituted for Jennifer Sachse as proper party respondent.

IT IS FURTHER RECOMMENDED that petitioner Johnnie Burton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 5) be dismissed without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
UNITED STATES MAGISTRATE JUDGE

Dated this _8th_ day of November, 2005.